## Jordan *et al. v.* Bullard *et al.*

Per Curiam. On May 1, 1905, Reid conveyed certain described land to Bullard for the purpose of securing a debt. Subsequently a tenant of Reid, then occupying the property, applied to Jolly, a stranger to the title, to buy the land for herself and another person. She testified that she rented the premises from a real-estate agent, and did not know who was the owner; that she had heard something about Reid being the owner. A few days later, August 5, 1908, Jolly executed a bond for title to her and such other person, taking their instalment notes for the purchase-price. Later one Dure purchased the property from Reid, and immediately sold it to Jolly, Reid executing to Jolly a deed dated October 1, 1908. This deed was held in escrow until October 10, 1908, on which date, as simultaneous transactions, it was delivered to Jolly, a security deed for $300 from him to Bullard taken by the latter to cover the amount due him by Reid under the first security deed, and the last-named deed was canceled. The purchase-money to be paid by Jolly was represented by the $300 security deed from him to Bullard and notes for $400 given by Jolly to Dure. The obligees in the bond for title executed by Jolly remained in possession, paying instalments of the purchase-money as they fell due. No rent was ever demanded after they exhibited the bond for title to the renting agent who had formerly collected rents from them. After the purchase by the tenant from Jolly, Bullard instituted suit in the city court against Jolly, and recovered a judgment against him, which declared a special lien against the property by virtue of the security deed executed to him by Jolly. A quitclaim deed to Jolly was duly executed and re-

corded, for the purpose of levying on the land as provided by statute; and a levy was duly made. The purchasers from Jolly, alleging that they had tendered the balance of the purchase-money due by them as specified in their bond for title, instituted a suit against Bullard, Jolly, and the sheriff, to enjoin the sale of the property, to require Jolly to make a deed in pursuance of his bond, and to cancel the security deed· executed by him to Bullard. The foregoing statement presents the case as it was argued before the trial judge by counsel for both parties, and as passed upon by him. There was a conflict in the evidence as to whether the plaintiffs dealt with Jolly as a vendor of the property, or as their agent to negotiate its purchase; but the case was decided on the assumption that he was their vendor, and is here decided on that basis. Under the case as considered by the trial judge, he refused to grant an injunction, and the plaintiffs excepted. *Held:*

1. When the first security deed was canceled all rights thereunder were extinguished, and Reid became eliminated from the transaction.
2. The second security deed was not a mere renewal of the first, but was a different contract between different parties.
3. When the new arrangement was entered into between Jolly and Bullard, the latter took with notice of the rights of the plaintiffs.
4. The equities of the purchasers from Jolly were superior to the title acquired by Bullard under his security deed from Jolly; and it was erroneous to refuse to enjoin the sale of the property based upon the foreclosure of such security deed.

*Judgment reversed. All the Justices concur, except Evans, P. J., who dissents, and Gilbert, J., who did not preside.*
SEPTEMBER 23, 1916.

Petition for injunction. Before Judge Mathews. Bibb superior court. November 27, 1915.

*Hardeman, Jones, Park & Johnston,* for plaintiffs.

*West & Dasher,* for defendants.